UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KELLY LEE PHELPS, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | No. 4:09CV1661 HEA |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

# OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody to Vacate, Set Aside or Correct Sentence, [Doc. 1]. The government has responded to the motion. For the reasons set forth below, the motion is granted and an Amended Judgment will be entered..

## Facts and Background

Movant was indicted on a one count indictment by a grand jury on November 30, 2006. The indictment charged Movant with a single count of Possession of Pseudoephedrine with the Intent to Manufacture Methamphetamine in violation of 21 U.S.C. § 841(c)(1).

Movant was arrested on June 4, 2005 for Possession of Anhydrous Ammonia in an Unapproved Container by the State of Missouri. Following his arrest in this matter, Movant was sentenced to serve four years in the Missouri Department of

Corrections on September 6, 2006.

Movant was in the custody of the Missouri Department of Corrections when, on January 17, 2007, the Court issued a Writ of Habeas Corpus ad Prosequendum, directing that the custody of Movant be transferred to the United States Marshal Service for transport of Movant to the Eastern District of Missouri. Movant was in federal custody beginning January 27, 2007, when the Writ was served.

Movant entered into a Plea Agreement with Respondent. On March 14, 2007, Movant entered a plea of guilty to the charge pursuant to the Plea Agreement. Movant appeared in this Court on June 29, 2007 for sentencing. The Court sentenced Movant to 84 months incarceration. This sentence was then adjusted to 78 months, pursuant to 5G1.3C, for the six months time Movant was in State custody from June, 2006 to January, 2007.

Movant moves to correct his sentence to reflect an appropriate credit for the time he served prior to sentencing, *i.e.* an additional six months from January, 2007 to June, 2007. This is the time between when Movant was transferred to federal custody pursuant to the Writ of Habeas Corpus ad Prosequendum and sentencing. The Court agrees that the judgment in this matter should be amended to reflect this time period. Absent such amendment, Movant would, in effect, have been in "custody limbo." He would not receive credit for this time as state time, nor would

he receive credit against his federal sentence because he was transferred pursuant to the Writ. Under U.S.S.G. 5G1.3, Movant is entitled to a credit of that time period.[1]

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Correct Sentence, [Doc. No. 1], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Judgment and Commitment in this matter shall be amended to reflect a 12 month reduction pursuant to 5G1.3 of the United States Sentencing Guidelines, resulting in a term of imprisonment of 72 months imprisonment.

Dated this 19th day of November, 2009.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[1] At the time of sentencing, the parties, as well as the Court, believed that Movant would receive credit for the time period in question. Such was not the case. Thus, counsel was not ineffective for failing to argue the point.